UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CHRISTOPHER PALMER                                                    Plaintiff

v.                                                    Civil Action No. 3:24-cv-295-RGJ

COMMONWEALTH CREDIT UNION,                                          Defendants
INC., *et al*.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant Lloyd & McDaniel, PLC ("L&M") moves to dismiss this action under Fed. R.

Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. [DE 31]. Plaintiff

Christopher Palmer ("Palmer") has not responded, and the time to do so has expired. This matter

is ripe. For the reasons below, L&M's Motion to Dismiss [DE 31][1] is **GRANTED**.

## I.    BACKGROUND

This action arises from Palmer's claims against L&M for violating the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*, among other allegations against co-defendants

set forth in his Verified Amended Complaint. [DE 1-1 at 27]. Palmer incurred a debt with

Discover Bank ("the Debt"), although the Complaint fails to allege when the debt was incurred.

[*Id*. at 26]. According to L&M, the Debt in dispute is a judgment from December 12, 2008. [DE

31 at 221]. On January 23, 2017, Discover Bank garnished Palmer's wages to pay the Debt. [*Id*.

at 224]. And in June 2020, L&M procured the Debt, and subsequently issued two garnishments,

one on October 16, 2020, and a second on June 12, 2023. [*Id*.; DE 45-1]. In February 2024, L&M

sent a letter to Palmer "detailing payment options and balance amounts," regarding the Debt. [DE

---

[1] The Joint Local Rules for the Eastern and Western Districts of Kentucky contemplate a single, unified
motion and memorandum. *See* Local Rule 7.1. Going forward, counsel is advised to file a unified motion.

1-1 at 26].

Originally filed in Jefferson Circuit Court, this case was removed under diversity jurisdiction. [DE 1]. Prior to removal, Palmer amended his complaint. [DE 1]. In the Amended Complaint, Palmer argues that L&M violated the FDCPA because it failed to notify Palmer that the Debt was time barred when it sent the letter. [*Id.*]. L&M now moves to dismiss Palmer's claims against it, arguing that Palmer failed to state a claim for relief because the Debt in dispute is not barred by Kentucky statute of limitations. [DE 31]. Palmer also requested the Court to take judicial notice of the prior court proceeding. [*Id.*]. [2]

## II.    STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

---

[2] In ruling on a Rule 12(b)(6) motion, a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Brent v. Wayne County Dep't of Human Services*, 901 F.3d 656, 694 (6th Cir. 2018). "Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010); *see also Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) (stating that, on a motion to dismiss, a court "may take judicial notice of another court's opinion not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity"). Accordingly, based on the present record, the Court can take judicial notice of the state court docket sheet [DE 45-1] without converting Defendants' Motion to Dismiss into a motion for summary judgment. *See id.*; *Gonzales v. City of Fostoria*, No. 3:13-cv-796, 2014 U.S. Dist. LEXIS 2504, 2014 WL 99114, at *7 (N.D. Ohio Jan. 9, 2014) (taking judicial notice of municipal court's docket sheets that establish that the plaintiff pleaded no contest and was subsequently found guilty and that consideration of the state court decision and docket sheets did "not convert the motion to dismiss to a motion for summary judgment"); *Ghaster v. City of Rocky River,* 913 F. Supp. 2d 443, 454-55 (N.D. Ohio 2012) (finding that a court may take judicial notice of another court's docket); *Slusher v. Reader*, No. 2:18-cv-570, 2019 WL 1384423, 2019 U.S. Dist. LEXIS 51706 (S.D. Ohio Mar. 27, 2019)(same); *Bowie v. Hamilton Cnty. Juv. Ct.*, No. 1:18-CV-395, 2020 WL 2831968, at *2 (S.D. Ohio May 31, 2020), report and recommendation adopted, No. 1:18-CV-395, 2020 WL 3839915 (S.D. Ohio July 8, 2020), aff'd, No. 20-3743, 2021 WL 1567983 (6th Cir. Jan. 20, 2021).

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard does not "impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Dismissal under Rule 12(b)(6) is warranted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008).

Because a motion to dismiss challenges the sufficiency of the pleadings, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Rather, to determine whether the plaintiff set forth a "plausible" claim, the Court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombl*y, 550 U.S. at 555). In deciding a motion to dismiss, the Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

The Sixth Circuit has held that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Humphrey v. U.S. Attorney General's Office*, 279 Fed. Appx 328, 331 (6th Cir. 2008) (finding that a plaintiff's failure to oppose arguments raised in the defendants' motion to dismiss is grounds for the district court to assume that opposition to the motion is waived); *Scott v. State of Tennessee*, 1989 WL 72470 at *2 (6th Cir. 1989) (noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion [to dismiss], then the district court may deem the plaintiff to have waived opposition to the motion."); *but see Bangura v. Hansen*, 434 F.3d 487, 497 (6th Cir. 2006) (explaining "a district court abuse[s] its discretion in dismissing a plaintiff's claims solely because the plaintiff failed to respond to the defendant's motion to dismiss for failure to state a claim."). For that reason alone, the Court could grant L&M's motion. But out of an abundance of caution the Court to addresses the motion on the merits to complete the record.

### III.    ANALYSIS

KRS § 413.090 provides a fifteen-year statute of limitations for all judgment "to be computed from the date of the execution thereon[.]" The Kentucky Supreme Court has held that the term "execution," as found in KRS § 413.090(1), is defined "as an act of enforcing, carrying out, our putting into effect the judgment, including garnishments [.]" *Wade v. Poma Glass & Specialty Windows, Inc.*, 394 S.W.3d 886, 887 (Ky. 2012). And the fifteen-year statute of limitations restarts "from the date of the last act enforcing . . . garnishment proceedings[.]" *Id*. In sum, each enforcement activity, such as the execution of garnishments, keeps a judgment alive for the purpose of the fifteen-year statute of limitations. *See id*. at 888.

L&M argues that its collection on the Debt is not time barred because each garnishment is an "execution," and thus, each garnishment restarts the fifteen-year statute of limitations. [DE 31

4

at 224]. L&M pursued a garnishment as recently as June 12, 2023. [DE 31 at 224]. Thus, because L&M's most recent garnishment is within fifteen-years, and each garnishment renews the statute of limitations period, L&M is not time barred. *See Wade*, 394 S.W.3d at 895. As a result, the statute of limitations has not expired, and L&M has not violated the FDCPA by failing to notify Palmer that the Debt was time barred from suit. Therefore, a Rule 12(b)(6) dismissal is warranted because Palmer's claim that L&M violated the FDCPA is one in which relief cannot be granted.

## IV.    CONCLUSION

Accordingly, the Court, having considered the parties' motions and related filings and being otherwise sufficiently advised, **IT IS SO ORDERED** L&M's Motion to Dismiss [DE 31] is **GRANTED**.

November 26, 2024

Rebecca Grady Jennings, District Judge
United States District Court